**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 23 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 17-30172 |
| Plaintiff-Appellee, | D.C. No. 4:15-cr-00119-EJL-1 |
| v. | |
| ANTHONY ISH, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Argued and Submitted July 10, 2020
Portland, Oregon

Before: M. MURPHY,** BENNETT, and MILLER, Circuit Judges.

Anthony Ish appeals from a judgment of conviction for second degree murder, in violation of 18 U.S.C. § 1111, and assault with a dangerous weapon, in violation of 18 U.S.C. § 113(a)(3). We have jurisdiction under 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

1.     Ish challenges the district court's denial of his motion to suppress evidence gathered in three warrantless searches conducted by Fort Hall tribal police officers. The district court held that Ish failed to show that he had a reasonable expectation of privacy in the yard surrounding his grandmother's house, where the searches took place. We assume, without deciding, that Ish had a reasonable expectation of privacy in the home's curtilage because he was an overnight guest. *See United States v. Gamez-Orduno*, 235 F.3d 453, 459 (9th Cir. 2000); *United States v. Echegoyan*, 799 F.2d 1271, 1277 (9th Cir. 1986). Nevertheless, we agree with the district court's alternative conclusion that each of the three searches was permitted by an exception to the warrant requirement.

The first search was justified under the emergency exception. To demonstrate an emergency, the government must show that, considering the totality of the circumstances, (1) officers had an "objectively reasonable basis for concluding that there was an immediate need to protect others or themselves from serious harm," and (2) the "search's scope and manner were reasonable to meet the need." *United States v. Snipe*, 515 F.3d 947, 952 (9th Cir. 2008). We have held that emergency reports, especially those that come in late at night, may create such an objectively reasonable basis. *Id*. at 953–54. Here, officers received an anonymous call after midnight reporting a shooting, and when they arrived at the scene, they immediately discovered blood trails, a blood-spattered rake, and cartridge cases.

2

Officers followed the blood trails searching for both the victim and the shooter. Even once they learned from the anonymous caller that the victim might have died, it was reasonable for them to continue searching because the "report of a dead body can easily lead officers to believe that someone might be in need of immediate aid." *United States v. Stafford*, 416 F.3d 1068, 1074 (9th Cir. 2005). Ish argues that the officers should have cut off the search once they failed to find a shooting victim, but the officers had no way of knowing that they would not find a victim, and we have little trouble concluding that the scope of the search was reasonable here. *See United States v. Martinez*, 406 F.3d 1160, 1165 (9th Cir. 2005) (reasonable to search the "part of the premises in which the emergency situation had arisen").

We agree with Ish that the emergency had dissipated by the time officers returned to the scene 30 minutes later to collect blood samples, but we nevertheless find that exigent circumstances justified the second search. To meet its burden, the government must show both (1) "probable cause to believe that contraband or evidence of a crime will be found at the premises" and (2) "exigent circumstances," which are "circumstances that would cause a reasonable person to believe that entry was necessary to prevent . . . the destruction of relevant evidence" or similar law enforcement efforts. *Id*. at 1164 (quotation marks and alterations omitted). The combination of the anonymous report of a shooting, the

3

blood spatter, and cartridge cases provided probable cause. *See United States v. Brooks*, 367 F.3d 1128, 1134 (9th Cir. 2004). Although the district court did not make an explicit finding that the officers could not have secured a warrant, we agree with its ultimate conclusion that exigent circumstances were present. Immediate entry onto the premises was necessary to prevent the destruction of evidence because, even before the first search, it appeared that someone had already attempted to obscure the evidence by removing the body and raking over bloody leaves and rocks. *See Martinez*, 406 F.3d at 1164.

The third search was justified by the consent of Ish's grandmother. Ish questions the validity of her consent, but she was not in custody, the officers did not have their weapons drawn, and she was not given *Miranda* warnings. Those factors suggest that Ish's grandmother voluntarily gave her consent to the search. *See United States v. Johnson*, 875 F.3d 1265, 1276–77 (9th Cir. 2017). No record evidence suggests she did not freely consent.

Because each of the three warrantless searches was justified by an exception to the warrant requirement, the additional evidence collected under a later, validly issued warrant was not fruit of the poisonous tree and need not be suppressed.

2. We also affirm the district court's denial of Ish's motion to dismiss the indictment. We construe the facts in the light most favorable to the prosecution and review the district court's factual findings for clear error. *See United States v.*

4

*Gurolla*, 333 F.3d 944, 950 (9th Cir. 2003). Ish's arguments rest on Demetris Ish's decision not to testify in his defense. But as the district court correctly concluded, Demetris Ish faced her own federal prosecution, and the letter on which Ish relies states that she declined to testify to protect her own Fifth Amendment right against self-incrimination. As a result, even if Ish had established government wrongdoing, there was no causal link between that conduct and the unavailability of any witnesses.

**AFFIRMED**.